# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| HENRY RACHAL, | ) CASE NO. CV 05-0140 (SH) |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security | ) |
| Defendant. | ) |

This matter is before the court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits under Sections 216(I) and 223 of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The Plaintiff and the Defendant have filed their pleadings, the Defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the court concludes that the decision of the Commissioner should be reversed and the case remanded.

On January 20, 1999, Plaintiff Henry Rachal ("Plaintiff") protectively filed

an application for supplemental security income benefits, alleging an inability to work since November 7, 1994, due to debilitating back pain. (Joint Stipulation ["Jt. Stip."] at 2; Administrative Record ["AR"] 20). The Social Security Administration denied the claim initially, and on reconsideration. (Jt. Stip. at 2). Plaintiff filed a timely request for an administrative hearing, and on August 8, 2001, the matter proceeded to hearing. (AR 140, 168). On August 30, 2001, an Administrative Law Judge ("ALJ") issued an unfavorable decision. (AR 165).

Plaintiff then requested review by the Appeals Council. (AR 176). On March 7, 2003, the Appeals Council granted his request, vacated the hearing decision, and remanded the case with instructions that the ALJ (1) further consider whether Plaintiff is able to perform his past relevant work, and (2) further evaluate Plaintiff's subjective complaints and provide rationale in accordance with the disability regulations pertaining to the evaluation of symptoms. (AR 201-202).

On June 9, 2003, the matter proceeded to hearing. (AR 35, 81). On June 24, 2003, an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled within the meaning of the Social Security Act because he was able to perform a significant number of jobs in the national economy. (AR 20-25).

Plaintiff then requested review by the Appeals Council. (AR 14). On December 17, 2004, the Appeals Council denied Plaintiff's request for review. (AR 8). Plaintiff then initiated the present civil action for judicial review pursuant to 42 U.S.C. § 405(g).

Plaintiff makes one challenge to the ALJ's determination. Plaintiff alleges that the ALJ erred in failing to provide specific and legitimate reasons to reject the opinion of his treating physician, Dr. Robert Erwin. (Jt. Stip. at 3). Dr. Erwin filled out a residual functional capacity questionnaire for Plaintiff on October 10, 2001. (AR 516-517). On the questionnaire, Dr. Erwin opined that Plaintiff could stand for one (1) hour, walk for one (1) hour, and sit for six (6) hours during an 8-

hour workday. (AR 516). He opined that Plaintiff could lift or carry up to ten (10) pounds occasionally, but could never lift or carry eleven (11) to one hundred (100) pounds, due to back strain. (AR 516). He opined that Plaintiff could never bend, squat, crawl, climb, stoop, couch, or kneel, due to back strain. (AR 516). Finally, he assessed Plaintiff's pain as "moderate," with "moderate" defined as pain that "could be tolerated but would cause marked handicap in the performance of the activity precipitating pain." (AR 517).

At the hearing, the vocational expert testified that under the totality of Dr. Erwin's assessment - including his assessment of Plaintiff's physical capacity and pain - there was no sedentary work that Plaintiff could perform. However, the ALJ ultimately rejected this assessment, and held that Plaintiff can perform light work. He stated only that Dr. Erwin's assessment of Plaintiff's pain is "inconsistent with [his] assessment of the actual physical functions [Plaintiff] is capable of and the time spans he can perform such functions, and is completely inconsistent with the minimal nature of the treatment." (AR 23).

The Ninth Circuit has held that "the medical opinions of a claimant's treating physicians are entitled to special weight and that, if the ALJ chooses to disregard them, he must set forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (internal quotations and citations omitted). Here, Defendant argues that "the ALJ concluded that Dr. Erwin's RFC [residual functional capacity] assessment was overly restrictive based on specific and legitimate reasons" (Jt. Stip. at 5). Plaintiff argues that the ALJ failed to provide specific, legitimate reasons for rejecting Dr. Erwin's assessment, and for the following reasons, the court agrees.

While Defendant points to several facts as constituting specific and

3

legitimate reasons,[1] the ALJ expressly stated only two reasons for rejecting Dr. Erwin's assessment: that Dr. Erwin's assertions regarding Plaintiff's level of pain were (1) inconsistent with his assessment of Plaintiff's physical abilities - namely, the ability to sit for six (6) hours, and stand and walk for one (1) hour each, and (2) inconsistent with the minimal treatment Plaintiff was receiving.  (AR 23).

Regarding the ALJ's first reason, assuming *arguendo* that Dr. Erwin's assessment contained inconsistencies, the Social Security Regulations require the Commissioner to "make every reasonable effort" to re-contact the treating physician for clarification.  20 CFR § 404.1512(e); Social Security Ruling 96-5p (when a treating opinion is ambiguous, inconsistent, incomplete, or appears not to be based on objective findings, the Commissioner **must** make every reasonable effort to re-contact the treating medical source for clarification).  Thus, before discrediting Dr. Erwin's assessment based on alleged inconsistencies contained therein, the ALJ should have made reasonable efforts to contact Dr. Erwin and attempt to resolve those inconsistencies.  Failure to do so constitutes material error.

Regarding the ALJ's second reason, the record presents two explanations for the minimal treatment Plaintiff has been receiving.  First, the record indicates that

---

[1] Defendant argues that the ALJ's specific and legitimate reasons for rejecting Dr. Erwin's residual functioning capacity ("RFC") assessment were the following: (1) Dr. Erwin's RFC assessment was controverted by the report of the consultative orthopedic examiner, Dr. Kenneth Boddie; (2) Dr. Erwin's RFC assessment was inconsistent with other treating records; (3) Dr. Erwin's "restrictive" RFC assessment was inconsistent with the minimal nature of treatment Plaintiff was receiving; and (4) Plaintiff was determined not to be credible, and thus, Dr. Erwin's assessment - which was based in part on Plaintiff's subjective statements regarding his pain - was tainted. (Jt. Stip. at 5-6).  While each of Defendant's statements is independently true, it is not true that the ALJ offered each of these as reasons for rejecting Dr. Erwin's assessment.  The ALJ offered only two reasons, and consequently, his rejection of Dr. Erwin's assessment will be evaluated on the basis of these two reasons only.

because Plaintiff is unable to drive, Plaintiff has difficulty arranging transportation to appointments. (AR 401). Second, Plaintiff testified that he went to physical therapy for six months, without experiencing any beneficial results. (AR 110). Because other credible reasons exist to explain the minimal nature of Plaintiff's treatment, the ALJ's reasoning is not clear and convincing.

In sum, the ALJ expressly-stated only two reasons for rejecting Dr. Erwin's opinions, and neither are clear and convincing. Thus, the decision of the Commissioner is reversed, and the case remanded. Upon remand, the ALJ is instructed to deem Dr. Erwin a treating physician,[2] and to reconsider Dr. Erwin's opinions in accordance with the law.

DATED: November 30, 2005

_____/s/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] In his decision, the ALJ appears to doubt Dr. Erwin's status as a treating physician. (AR 22). However, the record clearly indicates that Plaintiff saw Dr. Erwin a number of times, and that Dr. Erwin performed various tests and evaluations on Plaintiff, and prescribed medication to him. (AR 528 - 531). Thus, Dr. Erwin should be accorded the status of a treating physician.